UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
JACK REICH
on behalf of himself and
all other similarly situated consumers

         Plaintiff,

   -against-

ALLTRAN FINANCIAL, LP F/K/A
UNITED RECOVERY SYSTEMS, L.P.

         Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Jack Reich seeks redress for the illegal practices of Alltran Financial, LP f/k/a United Recovery Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Jack Reich*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 30, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate. The Second Circuit stated in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."

12. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

13. However if the "Current Amount Due" will never increase and the holder of the debt

will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt <u>will</u> accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

The Second Circuit in Avila did not "hold that a debt collector must use any particular disclaimer" *Id.*

14. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

15. In this case, the "Current Amount Due" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

16. Said letter stated in pertinent: "Total of interest accrued post charge-off: $423.07."

17. Defendant's letter was deceptive and misleading as it simply identified the "Current Amount Due," but did not indicate that the balance may increase due to interest and fees.

18. The Plaintiff was left unsure whether the "Current Amount Due" was accruing interest as there was no disclosure that indicated otherwise.

19. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

20. In fact, however, since the notice shows that interest accrued post charge off, a consumer who pays the "Current Amount Due" stated on the notice will not know whether the debt has been paid in full.

21. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

22. The statement of a "Current Amount Due" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his account.

23. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

24. Collection letters that state only a "Current Amount Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

25. Plaintiff and an unsophisticated consumer would be led to believe that the "Current Amount Due" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted. Yet in reality, interest accrued since charge off.

26. A consumer who pays the "Current Amount Due" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest that accumulated after the letter was sent but before the balance was paid.

27. The said debt was increasing due to interest accrued post charge off, but the said letter specifically, failed to disclose that the balance would continue to increase due to interest, or in the alternative, the said letter failed to disclose that the balance was actually <u>not</u> increasing since the interest post charge off was being waived.

28. In any event, the said letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

29. Absent a disclosure by the holder of the debt that the interest accruing is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer. <u>Avila</u>, at *10-11.

30. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

31. At the bare minimum, a debt collector must make clear, even to the unsophisticated

consumer that it intends to waive the accruing post charge-off interest.

32. A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest.

33. To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

34. Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

35. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

36. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)</u>

37. Because the statement of a "Balance" that included original principal, fees, contractual interest and charged off interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

38. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

39. According to the Second Circuit's finding that the "Current Amount Due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."  Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

40. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

41. In fact, in this case, Plaintiff is still unsure if there was any intent to waive interest. The notice specifically says that the balance includes interest post charge off. There was definitely no express waiver and disclosure of waiver is mandatory if interest was accruing post charge off.  Disclosure of waiver is mandatory if interest was originally

accruing per the contract. The consumer could not know what the real balance is.

42. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003) A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

43. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

44. The "Current Amount Due" is for an amount that includes original principal, fees, contractual interest and interest post charge off. If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest."

45. If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

46. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

47. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with

a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest"  <u>Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)</u>

48. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

49. A debt collector, when notifying a consumer of his account balance, must disclose that the balance may increase due to interest and fees.

50. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. The said letter is a standardized form letter.

52. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

53. Defendant's March 30, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

54. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

55. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

56. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

57. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

58. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

59. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

60. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

61. These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

62. As an actual and proximate result of the acts and omissions of Alltran Financial, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

63. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty two (62) as if set forth fully in this cause of action.

64. This cause of action is brought on behalf of Plaintiff and the members of a class.

65. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 30, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

66. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

67. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

68. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

70. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

71. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action;

   C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 10, 2017

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**UNITED RECOVERY SYSTEMS, LP**
WWW.URSI.COM

PO BOX 4044
CONCORD CA 94524-4044

March 30, 2016

| | |
|---|---|
| Creditor: | Citibank, N.A. |
| | CITI MASTERCARD |
| Account: | XXXXXXXXXXXX7926 |
| | Partial Account Number for Your Security |
| URS ID: | ▮▮▮▮▮▮25 |
| Current Amount Due: | $10,817.26 |

ADDRESS SERVICE REQUESTED

Jack Reich
1871 55TH ST
BROOKLYN NY 11204-1907

United Recovery Systems, LP
PO BOX 722910
HOUSTON TX 77272-2910

Please detach at perforation and return with your payment.

Your Account has been Referred to this Office for Collection.

Please remit payment in full of any undisputed amount, payable to our client, in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

We want to help you resolve this account. If you wish to discuss your account, please call ALEISHA A EATON at 877-208-9918 extension 2572, so we may assist you. As of the date of this letter you owe the amount stated above.

| | |
|---|---:|
| Total of debt due at charge-off: | $10,359.19 |
| Total of interest post charge-off: | $423.07 |
| Total of non interest fees post charge-off: | $0.00 |
| Total of other credits post charge-off: | $10,110.00 |
| Total of payments post charge-off: | $0.00 |
| Total of NSFs/other debits post charge-off: | $10,145.00 |

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

ALEISHA A EATON
877-208-9918, ext 2572
United Recovery Systems, LP
P.O. Box 722910
HOUSTON TX 77272-2910

> If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call our toll-free Complaint Hotline at (800) 326-8040 between 7 AM and 4 PM (Central Time) Monday-Friday.

Telephone: 877-208-9918, ext 2572

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511, 1304544, 1304538.

¡Traducción en español al lado reverso!

*-056940743-*                                                                                         URS07001-0330-716064356-00676-678